IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERRI FERGUSON, and                                                                      PLAINTIFFS
PATRICK GRACE

V.                                                                CIVIL ACTION NO. 4:16-CV-110-SA-RP

ERIC J. BRIDGETT and
GEICO INSURANCE AGENCY, INC.                                                              DEFENDANTS

ORDER

Terri Ferguson and Patrick Grace filed their Complaint [2] in the Circuit Court of Bolivar County, Mississippi on April 1, 2016 against Eric Bridgett and GEICO Insurance Agency, Inc. GEICO removed the action to this Court on June 2, 2016 premising federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. The parties in this case are not diverse. Plaintiffs Ferguson and Grace are citizens of Mississippi. Defendant Bridgett is also a citizen of Mississippi. Defendant GEICO is a citizen of Maryland.

GEICO argues that Defendant Bridgett was fraudulently joined and filed a motion [14] requesting that the Court sever and remand the claims against Bridgett, thus perfecting federal diversity jurisdiction over the Plaintiffs' claims against GEICO. The Plaintiffs did not voice any objection to severance and remand.[1] The Plaintiffs' allege a single claim based in state law against Bridgett for negligence, and claims for breach of contract and bad faith against GEICO.

*Severance and Jurisdiction*

Although this Court has the authority to grant an unopposed non-dispositive motion, the Court also has "an independent obligation to determine whether subject-matter jurisdiction

---

[1] The Plaintiffs filed a separate Motion for Jury Trial [17]. The Defendants raised no objection. Because this case is currently set for a jury trial the Plaintiffs' request is moot.

exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); L. U. Civ. R. 7(b)(3)(E).

For this court to have subject matter jurisdiction of this matter based on § 1332, complete diversity must exist among the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). The court should not grant federal diversity jurisdiction if parties are fraudulently misjoined. *See In Re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002).

"For this court to accept jurisdiction despite the misjoinder of a non-diverse defendant, the misjoinder must be egregious or grossly improper." *Cooper v. AIG Claim Servs.*, No. 1:08–CV–168, 2009 WL 279101 at *2 (N.D. Miss. Feb. 5, 2009). In a case removed to federal court, questions of fraudulent misjoinder are determined by the state's joinder rules. *Id*. "To determine if a party has been fraudulently misjoined, the court applies Rule 20 of the Mississippi Rules of Civil Procedure." *Tri–Miss. Servs., Inc. v. Fairley*, No. 2:12–CV–152, 2012 WL 5611058 (N.D. Miss. Nov. 15, 2012). Rule 20 of the Mississippi Rules of Civil Procedure states:

> All persons may join in one action as plaintiffs if they assert a right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any questions of law or fact common to these persons will arise in the action.

MISS. R. CIV. P. 20(a).

The Mississippi Supreme Court has held that before an alleged transaction or occurrence will be sufficient to meet Rule 20(a)'s two factors, there must be a "distinct litigable event linking the parties." *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007). To determine whether a distinct litigable event exists, the court should consider "whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant." *Id*. Particularly relevant to the instant case, the Mississippi

Supreme Court has also held that third party tort claims and first party breach of contract and bad faith claims involve distinct litigable events with different factual issues and legal issues. *Id*. at 731. Under this precedent it is clear that the Plaintiffs' negligence claim against Bridgett is distinct from their breach of contract claim against GEICO.

The negligence claim involves fact issues about how the accident happened and legal issues of negligence. The breach of contract and bad faith claim involves fact issues about what happened between the insured and the insurer, and legal issues about how to interpret the policy. In addition the two claims will require proof from different witnesses. *See e.g. Hegwood*, 949 So. 2d at 731. Thus, the Plaintiffs' claims involve distinct litigable events, and do not share issues of fact or law. As further evidence that the Plaintiffs' claims were fraudulently joined under Mississippi's rules, "a driver defending against negligence claims would be prejudiced by the jury's knowledge of his or her coverage or lack thereof when determining the issue of liability" in conflict with Mississippi Rule of Evidence 411. *Anderson v. Safeway Ins. Co.*, No. 3:15-CV-00054-M-A, 2015 WL 3604276, at *2 (N.D. Miss. June 8, 2015) (citing *Hegwood,* 949 So.2d at 731).

For these reasons, the Court finds that the Plaintiffs' claims against Defendant Bridgett were fraudulently joined with their claims against GEICO.

Federal Rule of Civil Procedure 21 provides guidance on "curing misjoinder of parties." *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983). Rule 21 allows a district court to "at any time, on just terms, add or drop a party," and "also sever any claim against a party." FED. R. CIV. P. 21. Severance creates "two separate actions or suits where previously there was but one." *O'Neil*, 709 F.2d at 369. Because Bridgett is not a diverse party, the court would not have federal diversity jurisdiction over an independent claim against him.

In accordance with these rules and precedents, the Court severs and remands the Plaintiffs' claims against Bridgett to state court, and retains only those claims against GEICO as the parties are diverse and it appears from the pleadings that the amount in controversy is met. GEICO's Motion to Sever and Remand [14] is GRANTED. The Clerk of Court is ordered to modify the heading of this Case as Defendant Bridgett is now dismissed from this action.

SO ORDERED on this the 3rd day of February, 2017

  /s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE