IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERRI FERGUSON and
PATRICK GRACE                                                                PLAINTIFFS

v.                                                   CIVIL ACTION NO.: 4:16CV110-SA-RP

GEICO INSURANCE AGENCY, INC.                                                 DEFENDANT

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE

Defendant has moved to strike plaintiff Patrick Grace's expert witness designation of Drs. Dewey Garner and Reginald Rodges. Docket 58. Grace has not responded to the motion, and the time for a response has expired. The court has reviewed the Motion to Strike and Memorandum of Authorities (Docket 59) and Plaintiffs' Answers to Interrogatories (Docket 58, Exhibit 1), and concludes that the Motion to Strike the designation of Drs. Garner and Rodges should be GRANTED IN PART.

Defendant is concerned with the labeling of the two treating physicians as experts because Grace failed to comply with the rules for the disclosure of witnesses and the designation of experts in accordance with Federal Rule of Civil Procedure 26 and Local Uniform Civil Rule 26. FED. R. CIV. P. 26(a)(1)(A) dictates that:

> a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . .;
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses . . . .

These disclosures must be made within 14 days after the parties' Rule 26(f) conference pursuant

1

to FED.R.CIV.P. 26(a)(1)(C) and the party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ." as required by FED.R.CIV.P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c). The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 U.S. Dist. LEXIS 98798, at *38 (N.D.Miss. Sept. 30, 2009); citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007).

In addition to initial disclosures, FED. R. CIV. P. 26(a)(2) requires a party to disclose the identity of any expert witness it may use at trial and provide a written, signed report. Local Uniform Civil Rule 26(a)(2) requires that

> [a] party must make full and complete [expert] disclosure as required by Fed.R.Civ.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no alter than the time specified in the case management order. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial. . . .
> (D) A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but who are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 207, 203 or 205, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

A treating physician not designated as an expert, but properly identified as a witness, may testify as a treating physician, but his/her testimony is limited to those facts and opinions contained in the plaintiff's medical records. *Doss v. NPC Int'l*, 2010 U.S. Dist. LEXIS 85583 (N.D.Miss. July 20, 2010)(limiting testimony of treating physician because designation of

physician as expert failed to comply with requirements of L.U.Cɪᴠ.R. 26); citing Duke *v. Lowe's Home Centers*, 2007 U.S. Dist. LEXIS 80415 (N.D. Miss. Oct. 19, 2007)("concluding that without expert report, treating physician's testimony was 'limited to those facts and opinions contained in [the] medical records'").

In the instant case, defendant does not dispute that is aware of the treatment received by Grace from the two physicians at issue: Dr. Dewey Garner and Dr. Reginald Rodges. In his responses to Interrogatories Grace identified these physicians and the facility where they treated him. It is unclear from defendant's motion whether Grace has produced the treatment records from these physicians. Assuming that Grace either produced the treatment records from Dr. Garner and Dr. Rodges or defendant obtained them on its own, the undersigned concludes that Grace has properly identified these physicians as treating physicians with knowledge of his condition, but he has not complied with the rules for disclosure of these physicians as expert witnesses. Therefore, the testimony, if any, from Dr. Dewey Garner and Dr. Reginald Rodges will be limited to the facts and opinions contained in their medical records.

SO ORDERED, this, the 26th day of September, 2017.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE